Nash, J.
 

 On the part of the defendant it is objected, that the plaintiff cannot maintain the action, for the want of a demand on the maker of the note, the subject of the guaranty; and also because of a failure on the part of the plaintiff to use due diligence in endeavoring to collect the money from the maker of the note; and because the question of diligence was one of law, to be decided by the Court.
 

 To these objections the charge of- the presiding Judge was a full answer. The jury were instructed, that the defendant was not discharged, under the circumstances of this case, by the plaintiff’s failing to show a demand ; that the true enquiry was, has the defendant sustained any damage, by the failure of the plaintiff to use due diligence in endeavoring to collect the note from the maker « — that is, such diligence as a man of ordinary prudence
 
 *173
 
 would use in collecting his own claim. That he might not be misunderstood, his Honor proceeds: if they believed the plaintiff could not have collected the money, by the use of such diligence, then they ought to find a verdict for him; otherwise, for the defendant. To eiia-ble the jury to come to a satisfactory conclusion on the question, he informs them what in law is due diligence. Their attention was then drawn, very distinctly, to the true point in issue between the parties, to wit, the injury sustained by the defendant, in consequence of any misconduct of the plaintiff, in endeavoring to collect tho money. There can be no doubt, but that the endorsement of the note by the defendant is an express guaranty. It is so in its terms, and was not made simultaneously with the note, but nearly three months thereafter. “I hereby guarantee the payment of the within note to Tilman Far row.” There is no room for construction ; .it is a positive undertaking, and the defendant assumed all the responsibilities of a guarantor and no more. After ascertaining the true character of the contract, on the part of the defendant, the only enquiry is, as to the fact of damage to him, resulting from the
 
 laches
 
 of the plaintiff. If tho plaintiff has, by any misconduct of his, put it out of the power of the defendant to secure himself in part or in whole, to the same extent is his claim upon the guarantor diminished. If the loss has been a total one, his claim is gone ; if a partial one, he is entitled to redress
 
 pro tanto;
 
 because the obligation of a grantor is, that if the money, by due diligence, cannot be collected out of tho maker of the note, he will pay it. Ordinarily it is (ho duty of the holder of a guaranty to demand the money of the maker of the note ; but if the maker be insolvent, it is not necessary. In this a guaranty differs from an endorsement. In the latter case the endorsee is bound to strict punctuality in presenting tho note for payment, and giving notice, by the earliest opportunity, to the endorser,
 
 *174
 
 sought to be charged, of its dishonoree. Any neglect in cither of these particulars will discharge the endorser, without any proof, on his part, of any loss or injury resulting from it. But negligence alone will not discharge a guarantor. He must go further, and show that by it he is injured.
 
 Shewell
 
 v.
 
 Knox,
 
 1st Dev. 404;
 
 Ashford
 
 v.
 
 Robinson,
 
 8th Ired. 114;
 
 Story on Notes,
 
 sec. 400;
 
 Vaneuar
 
 v.
 
 Woolly,
 
 3rd Bar. and Cross. 439, 447. The question was fairly and fully left to the jury,and they found that the defendant had suffered no loss, by any negligence of the plaintiff: and, according to the authorities cited, the plaintiff was entitled to a verdict for the full amount of his claim.
 

 We find no error in his Honor’s charge ; and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.